UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA CORRAL,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-02251-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

Pending before the Court is Defendants Select Portfolio Servicing, Inc. ("Select") and U.S. Bank, N.A.'s (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 21. Plaintiffs Esperanza Corral and Diana Balgas ("Plaintiffs") filed an Opposition on August 6, 2014. (Dkt. No. 24). The Court finds this motion suitable for disposition without oral argument and VACATES the September 4, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for the reasons set forth below.

## BACKGROUND

On or around September 8, 2006, Plaintiffs jointly took out a mortgage loan for $680,000.00 to purchase the property located at 27446 Green Wood Road, Hayward, California 94544 (the "Subject Property"). First Am. Compl. ("FAC") ¶ 3; Deed of Trust ("DOT"), Ex. A to Defs.' Req. for Judicial Notice ("RJN), Dkt. No. 9-1.[1] Washington Mutual Bank, FA, a federal

---

[1] The Court GRANTS Defendants' request to take judicial notice of the following documents because they are matters of public record: (1) Deed of Trust, recorded September 14, 2006, as document number 2006349473 of the Alameda County Recorder's Office, for the Subject Property; (2) Corporate Assignment of Deed of Trust, assigning all interest under the subject Deed

savings bank ("WAMU"), was the Lender and Beneficiary, and California Reconveyance Company ("CRC") was the Trustee.  RJN, Ex. A.

On February 21, 2013, WAMU assigned all interest under the DOT to "U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee Successor by Merger to LaSalle Bank, National Association as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006AR15 Trust[.]"  Corporate Assignment of Deed of Trust, Ex. B. to RJN, Dkt. No. 9-2.

On April 19, 2013, CRC caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust.  Ex. C to RJN, Dkt. No. 9-3.  As of April 19, 2013, Plaintiffs were in default for $16,129.77.  *Id.*  On July 23, 2013, CRC caused to be recorded a Notice of Trustee's Sale.  Ex. D to RJN, Dkt. No. 9-4.  As of that date, Plaintiffs' estimated unpaid principal balance on the mortgage loan was $788,473.87.  *Id.*

In the FAC, Plaintiffs state that they received a Notice of Default on March 15, 2013.  FAC ¶ 7.  In November 2013, Plaintiffs contacted Select, as servicer of the loan on behalf of U.S. Bank, which agreed to work with them to resolve the matter and also agreed that no foreclosure action of any kind would be taken while a loan modification was under review.  *Id.*  Plaintiffs allege that they emailed Select the necessary application form and all supporting financial documents.  *Id.* ¶ 9.  Select acknowledged receipt of the application two days later and informed Plaintiffs that a decision would be coming in 30-45 days.  *Id.* ¶¶ 9-10.  Despite this, Plaintiffs state that they received a Notice of Trustee Sale set for January 2, 2014.  *Id.* ¶ 12.

---

of Trust recorded as document number 2006349473, from Washington Mutual Bank, FA, to "U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee Successor by Merger to LaSalle Bank, National Association as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR15 Trust[.]"; (3) Notice of Default and Election to Sell Under Deed of Trust, recorded April 19, 2013, as document number 2013139381 of the Alameda County Recorder's Office, for the Subject Property; (4) Notice of Trustee's Sale, recorded July 23, 2013, as document number 20132500395 of 2013139381 of the Alameda County Recorder's Office, for the Subject Property; (5) Substitution of Trustee, substituting ALAW as the Trustee under the subject Deed of Trust recorded as document number 2006349473, recorded on March 19, 2014 as document number 2014071178 of the Alameda County Recorder's Office, for the Subject Property; and (6) Notice of Trustee's Sale, recorded April 1, 2014, as document number 2014080579 of the Alameda County Recorder's Office, for the Subject Property.  Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

2

1    Plaintiffs' counsel spoke with Mr. Jenkins, a supervisor at Select, who promised to look
2    into the matter and stop the trustee sale. *Id.* Two days later, Plaintiffs' counsel contacted Select
3    and asked for Mr. Jenkins but was told he was not available. *Id.* ¶ 13. Plaintiffs' counsel was told
4    that the Subject Property was "not under review." *Id.* Although Plaintiffs' counsel demanded that
5    Select not sell the Subject Property at a trustee sale while it had all necessary documentation to
6    review Plaintiffs for a loan modification, Select has not responded. *Id.* ¶¶ 13-14.
7    On March 19, 2014, CRC caused to be recorded a Substitution of Trustee, substituting
8    ALAW as the Trustee under the DOT. Ex. E to RJN, Dkt. No. 9-5. Then, on April 1, 2014,
9    ALAW caused to be recorded a second Notice of Trustee's Sale. Ex. F to RJN, Dkt. No. 9-6. As
10   of that date, Plaintiffs' estimated unpaid principal balance on the mortgage loan was $806,512.74.
11   *Id.*
12   Ms. Corral filed the instant lawsuit in Alameda County Superior Court, Case No. HG
13   14781223, on April 11, 2014. Defendants removed the matter to this Court on May 15, 2014.
14   Dkt. No. 1. Plaintiffs subsequently filed the FAC on July 2, 2014, adding Ms. Balgas as a
15   Plaintiff. In their FAC, Plaintiffs bring a claim under the California Homeowner Bill of Rights
16   ("HBOR"), alleging that Defendants engaged in "dual tracking" under California Civil Code
17   section 2923.6, which is a practice whereby a mortgage servicer evaluates a homeowner's
18   eligibility for a loan modification while simultaneously advancing the foreclosure process. FAC
19   ¶¶ .17-19. Plaintiffs also bring a claim under California's Unfair Competition Law ("UCL"), Cal.
20   Bus. & Prof. Code § 17200. *Id.* ¶¶ 20-29. Plaintiffs seek an injunction preventing sale of the
21   Subject Property, compensatory damages, and attorney's fees and costs. *Id.* at 11.
22   Defendants filed the present Motion to Dismiss on July 23, 2014, arguing that Plaintiffs'
23   HBOR claims are preempted and that Plaintiffs lack standing and other eligibility requirements
24   necessary to bring an HBOR claim. Mot. at 1. Defendants further argue that Plaintiffs cannot
25   establish standing to bring a UCL claim. *Id.*

**LEGAL STANDARD**

27   Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a
28   claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a

3

complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

4

1   banc) (internal quotation marks and citations omitted).

2   **DISCUSSION**

3   **A.      Preemption under the Home Owners Loan Act**

4   In their Motion, Defendants first argue that Plaintiffs' claim under HBOR is preempted by
5   the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.* Mot. at 4-6. In response,
6   Plaintiffs argue that their claim is not preempted because the alleged wrongful conduct occurred
7   after U.S. Bank succeeded WAMU. Opp'n at 9.

8   HOLA created the Office of Thrift Supervision ("OTS") to administer the statute, and "it
9   provided the OTS with 'plenary authority' to promulgate regulations involving the operation of
10  federal savings associations." *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008).
11  Under one of those regulations, 12 C.F.R. § 560.2, OTS makes clear that it "occupies the entire
12  field of lending regulation for federal savings associations," leaving no room for conflicting state
13  laws. The regulation goes on to provide a non-exhaustive list of examples of state laws that are
14  expressly preempted. *See* 12 C.F.R. § 560.2(b). If the state law is one of the enumerated types,
15  "the analysis will end there; the law is preempted." *Silvas v. E Trade Mortgage Corp.*, 514 F.3d
16  1001, 1005 (9th Cir. 2008). If it is not, then the court is to determine "whether the law affects
17  lending." *Id.* (internal quotation marks omitted).

18  The Ninth Circuit has not addressed the issue of whether HOLA applies to successors-in-
19  interest such as Defendants, which admit that they are not federal savings associations. Mot. at 5.
20  However, some courts have held that a successor-in-interest may properly assert HOLA
21  preemption even if the successor is not a federal savings association. *Appling v. Wachovia*
22  *Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not
23  subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because
24  Plaintiff's loan originated with a federal savings bank") (citation omitted).

25  "Other district courts have more recently questioned the logic of allowing a successor party
26  such as [Defendants] to assert HOLA preemption, especially when the wrongful conduct alleged
27  was done after the federal savings association or bank ceased to exist." *Rijhwani v. Wells Fargo*
28  *Home Mortgage, Inc.*, 2014 WL 890016, at *7 (N.D. Cal. Mar. 3, 2014) (collecting cases).

"Those courts usually have applied HOLA preemption only to conduct occurring before the loan changed hands from the federal savings association or bank to the entity not governed by HOLA." *Id.* (collecting cases). "This is because 'preemption is not some sort of asset that can be bargained, sold, or transferred....'" *Id.* (quoting *Gerber v. Wells Fargo Bank, N.A.*, 2012 WL 413997, at *4 (D. Ariz. Feb. 9, 2012). As one court explained:

> The important consideration is the nature of the alleged claims that are the subject of the suit. The governing laws would be those applicable to [World Savings Bank] at the time the alleged misconduct occurred. Wells Fargo, being the successor corporation to Wachovia Mortgage and thus [World Savings Bank], succeeds to those liabilities, whatever the governing law at that time may be. Therefore, [World Savings Bank's] conduct before its merger with Wells Fargo on November 1, 2009 would be governed by HOLA where appropriate, while Wells Fargo's own conduct after that date would not.

*Rhue v. Wells Fargo Home Mortgage, Inc.*, 2012 WL 8303189, at *3 (C.D. Cal. Nov. 27, 2012); *see also Rijhwani*, 2014 WL 890016, at *7.

Here, all of the wrongful conduct alleged by Plaintiffs was done by Defendants after WAMU assigned all interest under the DOT. Based on these allegations, the Court finds the reasoning in *Rijhwani* and *Rhue* persuasive, and in light of there being no binding Ninth Circuit authority, the Court applies it to this action. This means that Defendants, which are not federal savings associations, may not assert HOLA preemption in this action.

**B.     HBOR**

Defendants next argue that Plaintiffs do not have standing to bring claims under the HBOR because the Subject Property is not "owner-occupied." Mot. at 6-7. In response, Plaintiffs maintain that the FAC states that Ms. Balgas is a "resident at the property," and that they can amend the FAC to allege that the property is "owner-occupied." Opp'n at 11 fn. 3.

California's HBOR, which took effect January 1, 2013, reformed aspects of the state's nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and abusive home foreclosure practices. *See Flores v. Nationstar Mortg. LLC*, 2014 WL 304766, at *3 (C.D. Cal. Jan. 6, 2014); *Singh v. Bank of America, N.A.*, 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013). Section 2923.6 provides that "[i]f a borrower submits a complete application for a

first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).  After a complete loan modification application has been submitted, a servicer "shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired;
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer;
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification."

*Id.*  Subsection (d) states that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."  Cal. Civ. Code § 2923.6(d).  The HBOR also added section 2924.12, which expressly provides a private cause action for violations of the new provisions.

Section 2924.15 of the HBOR limits its application to owner-occupied homes, meaning that the home is "the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."  Cal. Civ. Code § 2924.15; *see also Agbowo v. Nationstar Mortg. LLC*, 2014 WL 1779367, at *5 (N.D. Cal. May 5, 2014) (dismissing HBOR claim because plaintiffs failed to allege subject property was owner-occupied).

Here, the Court finds that Plaintiffs plead facts to support the inference that they submitted a complete loan modification application, and that Defendants initiated foreclosure proceedings while that application was pending.  However, there are no allegations that the Subject Property is the principal residence of Ms. Corral, and Plaintiffs' allegation that Ms. Balgas is a "resident at the property" also fails to establish that it is her principal residence.  The statute explicitly states that "'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."  Cal. Civ. Code § 2924.15.

As Plaintiffs fail to plead that the Subject Property is their principal residence, dismissal of their HBOR claim is appropriate.

However, Plaintiffs state that they can amend their pleading to allege that the Subject Property is "owner-occupied." Opp'n at 11 fn. 3. Thus, leave to amend is appropriate. *Lopez*, 203 F.3d at 1127. In granting leave to amend, the Court is mindful of Defendants' arguments regarding Plaintiffs' other lawsuits and claims therein regarding their primary residences. Mot. at 6-7. Although the Court does not address these arguments here, Plaintiffs should be mindful that it is not enough to allege that the Subject Property is "owner-occupied." Instead, Plaintiffs must allege that the Subject Property is the "principal residence" for one or both of them within the meaning of section 2924.15. Thus, if Plaintiffs choose to file an amended complaint and it alleges that the Subject Property is the principal residence for either of them, that Plaintiff must at the same time file a declaration, attesting under penalty of perjury that the Subject Property is her principal residence within the meaning of section 2924.15. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' HBOR claim WITH LEAVE TO AMEND.[2]

## C.    UCL

Next, Defendants argue that Plaintiffs' UCL claim must fail because they have not been foreclosed on and, therefore, any assertion that they have lost property is premature. Mot. at 9. Defendants further argue that Plaintiffs cannot establish an unfair, unlawful, or fraudulent business practice. *Id.* at 10. In response, Plaintiffs argue that they have asserted unlawful and unfair practices for violations of HBOR, and have suffered damages related to the initiation of the foreclosure process, damage to credit, and the costs involved in initiating suit to prevent Defendants' violations. Opp'n at 12.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute

---

[2] In their Motion, Defendants argue that both Ms. Corral and Ms. Balgas must occupy the Subject Property as their principal residence. Mot. at 6. However, the Court finds that it is enough for one Plaintiff to live at the Subject Property as her primary residence. *See Agbowo*, 2014 WL 3837472, at *6 (declining to accept defendant's argument that the HBOR requires all borrowers live at the property as their primary residence).

"has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically prescribed by any other law.'" *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002)). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel–Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted).

Here, although the Court has dismissed Plaintiffs' HBOR claim, it has granted leave to amend. As the UCL allows for violations of other laws to be treated as unfair competition that is independently actionable, Plaintiffs' HBOR claim may serve as the predicate unlawful conduct for Plaintiffs' UCL claim. Further, as to Defendants' argument that Plaintiffs lack standing, "the phrase 'as a result of' in the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008). Plaintiffs allege that have lost money as a result of Defendants' alleged violations. FAC ¶ 27. From this, the Court may infer that Plaintiffs incurred damages that would not have occurred but for Defendants' promise to consider a loan modification. *Peterson v. Wells Fargo Bank, N.A.*, 2014 WL 1911895, at *7 (N.D. Cal. May 13, 2014) (finding that plaintiffs stated a UCL cause of action, despite the fact that no foreclosure had taken place); *Hall*, 158 Cal. App. 4th at 859) (holding a UCL plaintiff must plead injury-in-fact and causation in order to state a claim). Accordingly, the Court DENIES Wells Fargo's Motion to Dismiss Plaintiffs' cause of action for violation of the UCL.

## CONCLUSION

Based on the analysis above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss WITH LEAVE TO AMEND. Plaintiffs shall file any second amended complaint by August 28, 2014. If Plaintiffs choose to file an amended complaint and it alleges that the Subject Property is the principal residence for either of them, that Plaintiff must at the same time file a declaration, attesting under penalty of perjury that the Subject Property is her

principal residence within the meaning of section 2924.15.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge